FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

RECEIVED

2007 SEP -6 A 10: 02

Name

James Edward DEBRA P. HACKETT, CLK BAGley
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Prison Number

182103

Kilby Prisoner

Place of Confinement

United States District Court  middle          District of montgomery

Case No.   2:07cv802-MEF

(To be supplied by Clerk of U. S. District Court)

James Edward BAGley                              , PETITIONER

(Full name) (Include name under which you were convicted)

WARDEN Arnold Holt                              , RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF   Troy King

Circuit court OF Etowah county (cc-94-627. 01-02)                , ADDITIONAL RESPONDENT.

801 Forrest Ave Dadsden Alabama 35901

(if petitioner is attacking a judgment which imposed a sentence to be
served in the future, petitioner must fill in the name of the state where the
judgment was entered.  If petitioner has a sentence to be served in the future
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the
petitioner under penalty of perjury.  Any false statement of a material
fact may serve as the basis for prosecution and conviction for perjury.
All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83,
the 8-1/2 x 11 inch paper size standard for use throughout the federal
judiciary and directed the elimination of the use of legal size paper. All
pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper,
otherwise we cannot accept them.

6. Kind of trial:  (Check one)
   (a) Jury (✓ )
   (b) Judge only ( )

7. Did you testify at the trial?  Yes ( )   No (✓ )

8. Did you appeal from the judgment of conviction?  Yes (✓ )  No ( )

9. If you did appeal, answer the following:
   (a) Name of court  ALAbAMA CriMAL  Court(681 So.2d. 262(199
   (b) Result _____
   (c) Date of result  remANd  bACK  to the cirCuit   court.
   If you filed a second appeal or filed a petition for certiorari in the
   Supreme Court, give details:  Yes  it WAS deNiAL
   _____
   _____
   _____

10. Other than a direct appeal from the judgment of conviction and sentence, have
    you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal?  Yes ( )  No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court  CirCuit  Court of EtowAh
        (2) Nature of proceeding  File 32
        (3) Grounds raised  MIC MASter V. StAte 6 89 So.2d. 1001
    AlA. Crim App. 1996. FiNdiNg the FormiNg For triAl
    court deNiAl oF Petter clAiM For post-CoNviction
    Relief Are NecessAry to AfFord petitioNer
    due Process Rule Crim proc Rule 32.1 (d) (e )
        (4) Did you receive an evidentiary hearing on your petition, application
            or motion?  Yes (✓ )  No ( )
        (5) Result  SeNt  to PrisoNer For 13 moNth moRe
        (6) Date of result  Abark
    (b) As to any second petition, application or motion give the same infor-
        mation:
        (1) Name of court  AlAbAMA CriMiNAl AppeAl
        (2) Nature of proceeding  StAte did Not Keep PleA Agreement
    they did hAve A freLANd       ForM
        (3) Grounds raised  15-15-22  FiXiNg oF dAte to
    FormAlly mAKe enter pleA SerViCe oF
    Not ice.  the stAte FAiled to INFormAtioN
    Provided iN 15-15-21
    FAilure UNder the ProVisioNs oF 15-15-20
    Terry V. stAte 461 AlA. App. 296 241 So 2d. 137
                              (1970).
        (4) Did you receive an evidentiary hearing on your petition, application
            or motion?  Yes (✓ )  No ( )
        (5) Result  SeNt bACK to PriSoNer For 13 moRe moNth
        (6) Date of result  12-5-95

(c)As to any third petition, application or motion, give the same infor-
mation:
(1) Name of court  Circuit Court Etowah
(2) Nature of proceeding  Id. See also wesley V. State 448
SO. 2 d. 468 (A/A. Cr. App. 1984
(3) Grounds raised  If A State has NO jurisition
its Action is void A condition which its
Action the Object of Habeas corpus to cure.
Barbbee V. State 417 So. 2d. 611 612 (ALA. App. 1982.
Ross V. State 529 So. 2d. 1074 (AlA Cr. App. 1988.

(4) Did you receive an evidentiary hearing on your petition, application
or motion? Yes (✓) No ( )
(5) Result Sent be to prisoner For 13 more qmonth
(6) Date of result
(d) Did you appeal to the highest state court having jurisdiction the result
of any action taken on any petition, application or motion:
(1) First petition, etc.        Yes (✓)  No ( )
(2) Second petition, etc.       Yes (✓)  No ( )
(3) Third petition, etc.        Yes (✓)  No ( )
(e) If you did not appeal from the adverse action on any petition, applica-
tion or motion, explain briefly why you did not: At Senteuing A
New prose cuting Remand was warrant In the defendant
trial for theft of property where defendant motion
place trial court on Notice that defendant wanted
to withdraw plea because defendant was not being
Sentence in Accordance with plea Agreement.
Santobello V. New york 404 U.S. 257 30 L. Ed 2d 427
92 S. Ct. 495.

12. State concisely every ground on which you claim that you are being held
unlawfully. Summarize briefly the facts supporting each ground.

CAUTION:    In order to proceed in the federal court, you must ordinarily first
exhaust your state court remedies as to each ground on which you
request action by the federal court. As to all grounds on which you
have previously exhausted state court remedies, you should set them
forth in this petition if you wish to seek federal relief. If you
fail to set forth all such grounds in this petition, you may be
barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised
grounds for relief in habeas corpus proceedings. Each statement preceded by
a letter constitutes a separate ground for possible relief. You may raise
any grounds which you may have other than those listed if you have exhausted
all your state court remedies with respect to them. However, you should
raise in this petition all available grounds (relating to this conviction)
on which you base your allegations that you are being held in custody unlaw-
fully.

If you select one or more of these grounds for relief, you must allege
facts in support of the ground or grounds which you choose. Do not check
any of the grounds listed below. The petition will be returned to you
if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

32 - (A)(1) (A)

A.  Ground one: Failed before imposing Sentence the Court shall also.

Supporting FACTS (tell your story briefly without citing cases or law): determines that the defendant and defendant counsel have the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (C)(3)(A) or summary there of or available pursuant to subdivision (C)(3)(B)
Diirna V. United State (1991) 501 U.S. 129 115 L. Ed. 2d 123 115 Ct. 2182
WASMAN V. United State 468 U.S. 599 563 L. Ed. 2d 424 104 S. Ct. 3217 (1984).
I did not sign the Ireland form

B.  Ground two: Ireland V. State 47 AJA 65 250 So. 2d 662 (June 1 1971).

Supporting FACTS (tell your story briefly without citing cases or law): In order for a guilty plea to be sufficient to support a conviction. It must appear that it was given voluntarily and intelligently by the defendant and if induced by promises or theats which deprive it of the character of a voluntary act it is void.
I did not signed the Ireland form on 3-20-1994.
MAchibroda V. United State 368 U.S. 487 825 S. Ct. 510 7 L. E 2d. 473
Hill V United 368 U.S. 424 7 L. ed. 417 82 S. Ct. 468.

C. **Ground three:** request to withdraw guilty plea

Supporting FACTS (tell your story briefly without citing cases or law): right to withdraw plea of guilty
20 A.L.R. 1445 66 ALR 628.
SANtobello V. New York 404 U.S.
257 30 L. Ed. 2d 427 92 S. Ct. 495 (1971).
Petitioner Should be Afforded the relief
he seeks of withdrawing his guilty plea.
35 App. Div. 2d. 1084 316 N.Y.S. 2d.
194. Vacted And remanded.
Under 14.4 (a)(e)

D. **Ground four:** Post-Conviction relief

Supporting FACTS (tell your story briefly without citing cases of law): the Failure to File A post-Conviction
relief petition within the two year limitation
period is a Jurisication defect that be noticed
by the Failure of the State to Assert it Rule
Crim proc. Rule 32.1 (A) (F) 32.(2) (C)
William V. State 783 So. 2d. 135
(ALA. Crim App. 2000).
Smith V. State 665 So 2d. 1002 (ALA crim
App. 1995). Miles V. State 895 So. 2d.
334 (ALA. Cr. App 2003).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them:
denial of my Evidentiary Hearing found
insufficient evidence to support. Faynoia 372
U.S. 391 83 S. Ct. 822 9 L. Ed. 2d 837
United State V. Smith 1947 331 U.S. 469 67 C. Ct
1330 91 L. Ed. 1610.
Under ALA Rule of Court 14.4(e)
Brady V. Smith 831 So. 2d. 646 (2001).
Failure of the indictment Ex parte Lewis
811 So. 2d. 485 (2001).
Blount V. State 572 So 2d 498 (1990).

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing   did not have one

(b) At arraignment and plea   did not have one

(c) At trial _did have one_

(d) At sentencing _Victor Jackson_

(e) On appeal _Brian Rhen_

(f) In any post-conviction proceeding _pro se_

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (✓)   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes (✓)   No ( )
(a) If so, give name and location of court which imposed sentence to be served in the future: _Calhoun County Circuit Court 25 West 11th St Anniston Alabama_
(b) And give date and length of sentence to be served in the future: _____ _25 year_
(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes (✓)   No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Pro se James Edward Bogley_
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _8-20-2007_ .
(date)

_James Edward Bogley_
Signature of Petitioner

James Brooks
182103 P-7-37-A
P.O. Box 150
mt meigh, Alabama
36657

Legal mail
8-29-2007

Clerk
middle District
mrs. Debra Hackett
Clerk of the court
one church street
montgomery Alabam
36

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content.

USA First-Class

JAMES BAGLEY

RECEIVED

2007 SEP -6 A 10: 01

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT

V.

Clerk

Etowham Etowah County
circuit court
801 Forrest Ave
Gadsden Alabama
          35901


8 - 29 - 2001

ADDITIONAL SHEET'S

DEFENDENT INDICTED FOR FIRST DEGREE THEFT OF PROPERTY.

APPEALLANT PLEADED GUILTY TO TWO COUNTS OF THEFT OF PROPERTY IN THE FIRST DEGREE.
A VIOLATION OF 13A-8-3 CODE OF ALABAMA 1975 AND WAS SENTENCED TO 7 YEARS IM-
PRISONMENT IN EACH CASE THE SENTENCES TO BE SERVED CONCURRENTLY. THE APPEALLANT
RAISES TWO ISSUES ON THIS DIRECT APPEAL OF HIS CONVICTION. BAGLEY V STATE, 681
So 2d 262 (ALA. CRIM. APP. 1995).

(1). THE APPEALLANT CONTENDS THAT HIS GUILTY PLEA WAS NOT VOLUNTARILY ENTERED
BECAUSE AN IRELAND FORM WAS NOT EXECUTED AND INCLUDED IN THE RECORD. HE ALSO
MAINTAINS THAT HIS GUILTY PLEA WAS NOT VOLUNTARILY ENTERED BECAUSE HE SAYS HE
WAS NOT INFORMED OF TH E NATURE OF THE CHARGE AND THE MATERIAL ELEMENT OF THE
OFFENSE.

Mc GASTER V STATE, 689 So 2d 1001 (ALA. CRIM.APP. 1996)- FINDINGS OF THE
FORMING FOR TRIAL COURT DENIAL OF PETITIONER'S CLAIM FOR POST-CONVICTION RELIEF
ARE NECESSARY TO AFFORD PETITIONER DUE PROCESS. RULE CRIM. PROC. RULE 32.1 (d)
(e).

WHEN A JUDGE DENIES A RULE 32 PETITION UNDER RULE CRIM, PROC. RULE 32.1 (b)
THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE.
THIS CASE IS A ILLEGAL SENTENCE AND NEEDS TO BE REVERSED AND REMANDED.

SANTOBELLO V NEW YORK, 404 U.S. 257, 30 L. Ed. 427 92 S. Ct. 49
THERE IS NO MATERIAL VARIANCE WHERE THERE IS PROOF OF SO MUCH OF WHERE THERE IS
INDICTMENT AS SHOWS THE DEFENDENT COMMITTED A SUVSTANIAL OFFENSE. HOUSE V STATE
380 So 2d 940 943 (ALA. 1979). THAT THE CONVICTION WAS OBTAINED IN VIOLATION
OF THE PROTECTION AGAINST DOUBLE JEPORDY.

FINDINGS OF FACT FORMING BASIS FOR TRIAL COURT DENIAL OF PETITIONERS CLAIMS FOR
POST-CONVICTION RELIEF ARE NECESSARY TO AFFORD PETITIONER DUE PROCESS.
RULES OF CRIMINAL PROCEDURE RULE 32.1

THAT THE APPEALLANT DID NOT RECEIVE A FAIR TRIAL BECAUSE HE SAYS HIS DUE
PROCESS RIGHTS WERE VIOLATED.

THAT THE CONVICTION WAS OBTAINED IN VIOLATION OF THE PROTECTION AGAINST
DOUBLE JEOPARDY. McGASTER V. STATE, 689 So 2d 1001 (ALA. CRIM.APP. 1996).
THE TRIAL COURT FAILED TO THE ABILITY TO PROVIDE AN EVIDENTIARY HEARING AS TO
THE VOLUNTARINESS ON A MOTION TO WITHDRAW A PLEA. COURT V STATE, 376, So 2d 59
FLA. 2d D.C.A. 1979). MATSON V STATE, 445 So 2d, 1121 )(FLA. 5th D.C.A. 1984)

DEC 1 2 2006

BILLY YATES
CLERK, CIRCUIT COURT



DENIAL OF MY EVIDENTIARY HEARING FOUND INSUFFICIENT EVIDENCE TO SUPPORT . FAYV
NOIA, 372, U.S. 391, 83, S. Ct. 822, 9 L. Ed. 2d 837  UNITED STATES V SMITH,
1947, 331, U.S. 469, 67 S. Ct. 1330, 91 L. Ed. 1610

IT WAS A SETTLED RULE OF THE COMMON LAW THAT THE NAME OF THE OWNER OF THE
PROPERTY IN RELATION TO WHICH THE OFFENSE IS COMMITTED SHOULD BE TRUL Y STATED
IN THE INDICTMENT. GRATTAN V STATE, 71, ALA. 344 (1882).

THE APPELLANT FILED A NOTICE OF APPEAL TO THIS COURT ALONG WITH A MOTION FOR
THE TRIAL JUDGE TO RECUSE HIMSELF FROM THE CASE.

THE APPELLANT FILED SEVERAL MOTION'S REQUESTING FOR DEFAULT JUDGMENT IN H IS
FAVOR DUE TO THE STATES FAILURE TO RESPOND TO HIS PETITION. THE STATE FINALLY
FILED IT'S RESPONSE ON 7/8/2006.

IN HIS PRO-SE PETITION TO THE TRIAL COURT TH E APPELLANT ARGUED THAT THE
CONSTITUTION OF THE UNITED STATES OR THE CONSTITUTION OF THE STATE OF ALABAMA
REQUIRED A NEW  TRIAL A NEW SENTENCING PROCEEDING OR OTHER RELIEF. EVANA V STATE
722, So 2d 778, (AUGUST 22, 1977 RELEASED)  HIS TRIAL COUNSEL FAILED TO FILE A
MOTION REQUESTING THAT THE TRIAL JUDGE RECUSE HIMSELF FROM THIS CASE BECAUSE
THE JUDGE WAS BIAS. HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS
ATTORNEY FAILED TO INVESTIGATE HIS CASE THEREBY CAUSING THE APPELLANT TO ENTER
A GUILTY PLEA RATHER THAN PROCEED TO TRIAL. 722 So 2d 780

THE GRANTING OF A NEW TRIAL ON THE GROUNDS OF NEWL Y DISCOVERED EVIDENCE REST
IN THE DISCRETION OF THE TRIAL COURT AND DEPENDS LARGELY ON THE CREDIBILITY OF
THE NEW EVIDENCE. SNIDER V STATE, 473 , So 2d 579,(ALA. CRIM. APP. 1985)
ROBINSON V STATE, 389 So 2d, 144 (ALA. CRIM. APP. ) McDONALD V STATE, 451,So 2d
440, (ALA. CRIM. APP. 1984) MOORE V STATE, 647, So 2d, 43 (ALA. CRIM. APP. 1994)
THE APPELLANTS COUNSEL WAS INEFFECTIVE BECAUSE HE ALLEGES TRIAL COUNSEL FAILED
TO OBJECT TO THE PROSECUTION'S SUGGESTION BEFORE THE JURY OF PRIOR BAD ACTS IN
A TIMELY MANNER WHERE NO CONVICTION OR EVIDENCE WERE HAD SUCH WAS ONLY USED TO
LEAD THE JURY TO BELIEVE THAT THE PETITIONER HAD A BAD CHARACTER. C.R. 19
McGASTER V STATE, 689, So 2d 1001 ( ALA. CRIM. APP. 1996) ON THIS DIRECT
APPEAL FROM THAT CONVICTION HE ARGUES THAT THE TRIAL JUDGE ABUSED HIS DISCRETION
IN REFUSING TO ALLOW THE  APPELLANT TO WITHDRAW HIS GUILTY PLEA. BAGLEY V STATE,
681, So 2d, 262 (ALA. CRIM. APP. 1995). MOORE V STATE, 647, So 2d 43 (ALA. CRIM.
APP. 1994). THERE IS NO EVIDENCE THAT THE STAT E BREACHED THE PLEA AGREEMNET
MORE OVER THE APPELLANT TERMINATED THE PLEA AGREEMENT BY FAILING TO APPEAR
FOR SENTENCING, HERTZ V STATE, 445, So 2d 987 (ALA. CRIM. APP.) 1984.

(3)

FILED

DEC 1 2 2006

BILLY YATES
CLERK, CIRCUIT COURT

COEMAN V STATE, 870 So 2d )(ALA. CRIM. APP. 2003) INDICTMENT AND INFORMATION

CLAIM THAT INDICTMENT IS VOID FOR FAILURE TO ALLEGE ESSENTIAL ELEMENT OF THE OFFENSE CAN NOT BE WAIVED, SUBJECT TO TWO YEAR LIMITATIONS PERIOD. CODE OF 1975, 13A-8-17(a); RULES CRIM. PROC., RULE 32.2(c).

DOUBLE JEOPARDY (108)

ALTHOUGH COURT OF CRIMINAL APPEALS SET ASIFE INDICTMENT AND CONVICTION FOR FIRST DEGREE RECEIVING OF STOLEN PROPERTY ON GROUND THAT INDICTMENT FAILED TO ALLEGE AN ESSENTIAL ELEMENT OF THE OFFENSE, THE STATE WAS PERMITTED TO REINDICT DEFENDENT FOR THE PROPER OFFENSE. CODE 1975, §13A-8-17(a); RULES CRIM. PROC. RULE 32.2 (c).

FILED

JAN 3 0 2007

BILLY YATES
CLERK, CIRCUIT COURT

FILED

AUG 0 1 2006

BILLY YATES
CLERK, CIRCUIT COURT

000031

In the Circule court of Etowah
County

James Edward Bagley
    V.
State of Alabama

Case Number
CC-94-027.01.02

Amendment Rule 32.7 (c)

Come now your petitioner James Edward Bagley pro se request Appoindment of Counsel.
If the court does not summarily dismiss the petition and if it appears that the petitioner is indigent or otherwise unable to obtain the Assistance of counsel and desires the Assistance of counsel, and it Further appears that counsel is Necessary to Assert or protect the right of the petitioner, the court shall Appoint counsel. Under Post-Conviction Remedies Alabama Rule of Criminal procedure Rule 32.7 (c).

Certificate of service
This does hereby certify that I have served upon The clerk of Etowah county Billy Yates by place on the U.S. Mail this date 24 day of June 2006.
                                    James Bagley
CC   Clerk Billy Yate
     William Rhea III Judge
     James Hadigsepth D.A.
     Denial Justice

FILED
JUN 28
BILLY Y
ERK, CIRCU

182103  A-1-30-B
5.65 Bibb Lane
Brent Alabama
        35034

000032

In the Circuit Court of Etowah
County

James Edward Bagley
vs.
State of Alabama

Case Number
CC-94-027.01.02

Amendement Rule 32.7 (A)

Come now your Petitioner James Edward
Bagley prose to the Circuit Court of
Etowah county Under Rule 32.7 (A) Additional
Pleading Summary Disposition Amendment.
Under Rule 14.4(e) Acceptance of Guilty plea.
(e) Withdrawal of Guilty plea.
The court shall allow withdrawal of A
Guilty when nesessary to correct A manifest
injustice.
Upon withdrawal of a guilty plea the
charges against the defensant as they
existed before any Amendment
reduction or dismissal made as part
of A plea Agreement shall reinstated
Automatically.
Under Alabama Rule of Court Rule
14.4 (e).

JUN 29 2006

Etowah denial me this right they did not
do the right thing.
Johnson V. State 52 Alabama App. 94 289 So. 2d.
662 (1973). Subsection (A)(1) Boykin V. Alabama 395 U.S.
238 89 S.ct. 1709 23 L.Ed. 2d. 274 (1969). (page 1)

Sub-subsection (j) requires that the nature of the charge and the material elements of the offense be explained so that the defendant understands what what he is accused of.

The provivison is similar to Rule 11 Fed. R. Crim p.

(R)eal Notice of the ture nature of the charge (is) the frist most Universally recognized requirement of due process. Smith V. O'Brady 312 U.S. 329 334 61 S. Ct. 572 574 85 L. Ed. 859 (1941) The instant provision is designed to meet that requirement. See ABA Standards for Criminal Justice Plea of Guilty Completer Comments 14-1.4 (A) (2d ed. 1986).

Henderson V. Morgan 426 U.S. 637 96 S. Ct. 2253 49 L. Ed. 2d 108 (1976).

FILED

JUN 29 2006

BILLY YATES
CLERK, CIRCUIT COURT

(Page 2)

000034

## Certificate of Service

I James Edward Bagley do Certify that I have placed This Document in the Legal Mail Box At Bibb County Correctional Facility 565 Bibb Lane Brent Ala. 35034.

To be delivered by placed in the United State Postal Service to the Clerks of Etowah County Alabama Billy S. Yates 801 Forrest Ave Ste 202 Gadsden Ala. 35901. On this __27__ day of June 2006.

James Edward Bagley
JAMES EDWARD BAGLEY
182103 A-1-30B
565 Bibb Lane
Brent Alabama
35034

CC
Clerk Billy Yate
Troay King Attorney General
Denial Justic
James Edward Bagley prose

FILED
JUN 29 2006
BILLY YATES
CLERK, CIRCUIT COURT

(Page 3)

IN THE CIRCUIT COURT SIXTEENTH JUDICIAL
CIRCUIT ETOWAH COUNTY ALABAMA
CRIMINAL-DIVISION

JAMES EDWARD BAGLEY
PETITIONER
VS
STATE OF ALABAMA
RESPONDENT

ETOWAH CIRCUIT COURT CRIMINAL NUMBER CC-1994-0027.62

APPLICATION TO CLERK FOR ENTRY OF
DEFAULT AND SUPPORTING AFFIDAVIT

I, JAMES EDWARD BAGLEY PRO-SE ON APPLICATION TO CLERK FOR ENTRY OF DEFAULT
AND WITH SUPPORTING AFFIDAVIT.

(1). THAT I PRO-SE KEEPING RECORD OF THE PLAINTIFF AND HAS PERSONAL KNOWLEDGE
OF THE FACTS SET FORTH IN THIS AFFIDAVIT.

(2). THAT THE DEFENDENT WAS DULY SERVED WITH A COPY OF THE SUMMONS TOGETHER
WITH A COPY OF PLAINTIFF'S COMPLAINT ON THE 24TH DAY OF APRIL 2006.

(3). THAT MORE THAN 30 DAYS HAVE ELAPSED SINCE THE DATE ON WHICH THE SAID
DEFENDENT WAS SERVED WITH SUMMONS, AND A COPY OF THE COMPLAINT.

(4). THAT DEFENDENT HASFAILED TO ANSWER OR OTHERWISE DEFEND AS PLAINTIFF
COMPLAINT OR SERVE A COPY OF ANSWER OR OTHER DEFENSE WHICH HE MIGHT HAVE UPON
THE PRO-SE JAMES EDWARD BAGLEY PLAINTIFF OF RECORD.

(5). THAT THIS AFFIDAVIT IS EXECUTED BY AFFIANT HEREIN; ACCORDANCE WITH RULE
55(A) OF THE ALABAMA RULES OF CIVIL PROCEDURE FOR THE PURPOSE OF ENABLING THE
DEFENDENT FOR HIS FAILURE TO ANSWER OR OTHERWISE DEFEND AS THE DEFENDENT AS
TO THE PLAINTIFF'S COMPLAINT.

*FILED*

JUN 3 0 2006

BILLY YATES
CLERK, CIRCUIT COU?

RESPECTFULLY SUBMITTED

*James Edward Bagley*

JAMES EDWARD BAGLEY

*7-5-06*
*copy to DA*

SWORN AND SUBSCRIBED BEFORE ME ON THIS THE 17 DAY OF JUNE 2006.

*May 17, 2010*
my commission expires

*Deborah A. Terry*
NOTARY PUBLIC

## CERTIFICATE OF SERVICE

I, JAMES EDWARD BAGLEY DO CERTIFY THAT I HAVE PLACED THIS DOCUMENT IN THE
LEGAL MAIL BOX AT BIBB CORRECTIONAL FACILITY 565 BIBB LANE BRENT, AL. 35034
TO BE DELIVERED BY THE UNITED STATES POSTAL SERVICE TO THE CLERK OF ETOWAH
COUNTY, ALABAMA BILLY S. YATES 801 FORREST AVE. STE. 202 GADSDEN, AL. 35901
ON THIS THE 27 DAY OF JUNE 2006.

*James Edward Bagley*
JAMES EDWARD BAGLEY
565 BIBB LANE
BRENT, AL. 35034
AIS #182103
A-1/30B

## FILED

JUN 3 0 2006

BILLY YATES
CLERK, CIRCUIT COURT

IN the circuit court of Etowah county

James E. Bagley
  Vs.
State of Alabama

CASE NUMBER
CC-94-27.62

## Rule 16. Discovery

Come now the defendant JAMES E. BAGLEY
to the circuit court of Etowah county under
16.1 Discovery 16.1.
A copy Arrest warrant or case 94-027.62
A copy the complaint for my Arrest.
for theft of property I
Rule 16.1 (A) State of defendant, upon written
request or the defendant the prosecutor shall
within fourteen (14) day After the request has been
filed in court as required by Rule 16.4 (C)
or within such shorter or longer period as may
be ordered by the court on motion for
good cause show: doing this date 8-18-2007

James Bagley
182103  P-7-37-A
P.O. Box 150
mt meighs AlA
        36057

000071



## II The court Lacks Jurisdiction.

1. The court Lacked jurisdiction where the case which went before the Grand jury was done by illegal Acts.

2. The state gave Grand juror evidence which does not contitute A felony offense in Alabama Law, And concealed evidence to which grant A full No Bill for the Alleged crime.
BAGley would have Never had A true Bill returned if the Grand Jurors has been given the full correct facts of the circumstances And the Law to which surround this case.

3. BAGley indictment is illegal And constitutes only A full controversary for A civil case where there was A dispute over the Account to which BAGley had for parts to which BAGley ordered. LED FAILure to pay A debt is not 5 2007 defined A Felony Under Alabama YATES Criminal code Not incorporated in T COURT Alabama 1901 for A criminal offense.
The court Lacked subject matter Jurisdiction to charge and convicte BAGley for A Felony offense to which BAGley

PAGe 5

could not have committed.

The court has full jurisdiction over this matter where the statute of limitation will not expire for expire for an illegal sentence to which was imposed.

The only facts which Bagley could have even received a sentence under is a misdemeanor where the property value did not exceed $1,000.00 and was never taken from the person at all.

There Bagley is entitled to relief as a matter of Alabama law.

doing this date 12-28-2006

Respectfully
James Edward Bagley
James Edward Bagley
182103   E-1-6-B
565 Bibb Lane
Brent Alabama
35034

cc

Billy, Yate → clerk
Hon. Troy King Attorney General
James Edward Bagley prose
Alabama court of criminal Appeals

FILED

JAN 0 5 2007

BILLY YATES
CLERK, CIRCUIT COURT

Page 6

000069

(5.) BAGLey was convicted of an offense to which was not a felony offense and amounted to ~~no~~ no more than a civil case by Alabama Legislative Intent. BAGLey never obtained any property with the elements which make intent. BAGLey never obtained any property with the elements which make intent. BAGLey signed for the property and dispute exist as to money owed.

(6.) The actual property which made the basis of the charge did not exceed by item alone is excess of $1,000.00 for the felony offense to be committed. Under any aspects if there was a crime by way of criminal act BAGLey could have committed no more than a misdemeanor as defined by Legislative Intent. Without there being an actual taking of property from the person BAGLey never committed the crime as defined under any theory of a felony offense..

JAN 0 3 2007

BILLY YATES
CLERK, CIRCUIT COURT

PAGe 3

The FACT that the indictment refers to its Statutory source cannot save it from being FATALLY deficient.

The rule is that the indictment must contain all the essentials to constitute the offense explicitly charged And they must not be Left to inference

State V. Seay 3 Stew/23/31 (1830).

The indictment cannot be Aided by intendment poor V. State 17 A/A. App. 143  82 So. 627 (1919) And Nothing is to be Left to implication or intendment or to conclusion.

A court is without Authority to Add too or taken from Any of the material Averments in the indictment which speaks for itself And is conclusive.

Crump V. State 30 A/A. App. 241  242.  4 So. 2d. 188 (1944).

EX pate Lewis 811 So.2d.485  (A/A. 2001).

000048

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-2071

James Edward Bagley v. State of Alabama  (Appeal from Etowah  Circuit Court:
CC94-27.62)

### ORDER

Upon consideration of the above referenced appeal, the Court of Criminal Appeals
orders that said appeal be and the same is hereby DISMISSED as a non-appealable order.
Having this date dismissed said appeal, the Court further orders that the certificate of
judgment shall issue forthwith.

Done this the 8th day of August, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. William H. Rhea, III, Circuit Judge
Hon. Billy Yates, Circuit Clerk
James Bagley, Pro Se
Office of Attorney General



FILED

AUG 9 2006

BILLY YATES
CLERK, CIRCUIT COURT

000049

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
## THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-2071**

James Edward Bagley v. State of Alabama  (Appeal from Etowah  Circuit Court:
CC94-27.62)

## CERTIFICATE OF JUDGMENT

To the Clerk of the above noted Trial Court, Greetings:

WHEREAS, the appeal in the above-referenced cause has been
considered by the Court of Criminal Appeals; and

WHEREAS, an order was issued this date in said cause containing
the judgment indicated below:

### Appeal Dismissed

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of
Appellate Procedure and the order of dismissal, it is hereby
certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 8th day of August, 2006.

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. William H. Rhea, III, Circuit Judge
Hon. Billy Yates, Circuit Clerk
James Bagley, Pro Se
Office of Attorney General



FILED

AUG 9 2006

BILLY YATES
CLERK, CIRCUIT COURT

000102

SANtobello V. new york
404 U.S. 257  30 L. Ed. 2d. 427  92 S
Ct. 495

AFter being indicted two FeLony counts
Under new york StAtutes And AFter
NegotiATing with prosecuting Attorney
the defendant withdrew his not guilty
And entered A guilty pLeA to A
Lesser incLuded offense

At Sentecing A new prosecuting
Attorney Appeal,
RAmand WAS WArrAnted in the
defendant triAl For theFt
oF property where defendant
qmotion pLAced triAl court on
Notice thAt defendant wanted
to withdraw pleA becAuse
defendant WAS not being
Sentence in Accordance with
pleA Agreement.   determine
trial court AS wAS to determine
whAt the terms of Agreement
were And thAn either to Sentence
defendAnt in Accordance with
terms of pleA Agreement ot Allow
defendant to withdraw guilty
pleA.

FILED
JAN 3 2007
BILLY VANCE
CLERK, CIRCUIT COURT

000068

(2.) 13A-8-3(A) The theft of property which exceeds $1.000.00 in value of property of any value taken from the person of another constitutes theft of property in in the frist degree.

(3) Bagley indictment and arrest for the alleged offense does not come to the actual elements to which it take to make the case for theft 1st degree.

(A) There was no taking of any property from the person as defined by Legislative intent for the criminal charge to exist.

(B.) Alabama Legislative intent defined the offense by language used and it must mean exactly that is said taken from the person.

(4) 13A-8-2 Theft of property Definition

(1.) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or

(2.) Knowingly obtains by deception control over the property of another with intent to deprive the owner of his property."

PAGE 2

(2) APPEAL From the trial court SUMMARY
Judgment denying his petition A RULE 32.
Challenges the FAlse Arrest, and FAlse
imprisoner in 1994.
516 So. 2d. 936 (AlA. Cr. App. 1987).

Ex parte Thomas 270 AlA. 411 118 So 2d. 738.
Supreme court.

3. right to withdraw plea of guilty 20 A.L.R.
14 45 66 ALR. 628.
   WAS ignorant of his Colleage commitment
Had recommended the MAXIMUM sentence
At the sentencing hearing which resulted in
the imposition of such MAXIMUM sentence
in Advertent Not being material And Not
the FAct that the breach of Agreement WAS
Lessening the impact of the breach.
   SANtobello V. new york 404 U.S. 257
30 L. Ed. 2d. 427 92 S Ct. 495(197

   petitioner should be Afforded the relief
he seeks of withdrawing his guilty plea.
35 APP. Div 2d 1084  316 N.Y.S 2d
194. Vacated And remanded.

(5)

(3) The failure to file a post-conviction relief petition within the two-year limitation period is a jurisdictional defect that be noticed at any time and is not waived by the failure of the state to assert it Rule Crim Proc Rule 32.1 (A)(f)   32.2 (C).

William vs. State 783 So 2d. 135 (Ala. Crim App. 2000).

(A)  Thus the trial court could have dismissed the petition on procedural grounds even without any response from the state.

(1) Rule 32.2 (C) Ala. R. Crim p, establishes a Limitation period for filing a petition for post-conviction relief on the ground specified in Rule 32.1(A) and (f) Ala. R. Crim p.  And it language is mandatory.

See Hugh Maddox Alabama Rules of Criminal procedure 32.2 (3d. ed. 1999).

The Statute of Limitations is a jurisdictional matter.

Hanes v. State 516 So 2d. 937 (Ala. Crim App 1987). See Ex parte Campbell 784 So 2d. 323 (Ala 2000)

(4.)

I not Sign No Ireland Form

Are did not Understand that I was going on
Ireland V. State 47 Ala. App. 65 250 So. 2d.
602 (June 1, 1971).

Boykin V. Alabama  395 U.S. 238  89 S. Ct.
1709  23 L. Ed. 2d. 274 .

on the ground that the record did not disclose
clause of the fourteenth Amendment where
the defendant voluntarily And understandingly
entered such plea.

that was reversible error under the due
process clause of the fourteenth Amendment
where the record did not disclose that
the defendant voluntarily And understandingly
entered such plea.
     Boykin V. Alabama  395 U.S. 283
     23 L Ed. 2d. 274 89 S. Ct. 1709.

(3)

# Addition information

ON petition For Certiovari the Supreme
Court that defendant had due process
right to Statement of which State relief
in moving to dismiss petition For postconviction
relief, Reversed And remanded on remand
565 So. 2 d. 608 (Ala. Clapp.)
Under U.S.C.A. cont. Amend. 14 Rule, Crimm
pro. Temporary Rule 20.1 et Seq.
Dvay v. State 831 So. 2d. 646 (2001).
Border v. City OF Huntville 875 So. 2d.
1168 (Ala. civi App. 2003).

Seibold v. Daniels 337 F. Supp. 210
(m D. Ala. 1972).

Edward 671 So. 2d. 130
875 So. 2d 334 (     )
Rhodes v. Mc Wilson 16 Ala. App. 315
77 So. 465 (1917).

Unlawful Seizure exclusion
9llionois v. Dates 462 U.s 213
76 L. Ed. 527 103 S. Ct. 2317
(March 1, 1983)
Reeves v. State 874 So. 2d. 1167 (Ala. 2000)
Mc Lin v. State 840 So. 2d. 937 (2002).

13-A-7-60 possessing real estate unlawfully Any person having no bona fide claim of title thereto or right possession.

State presented insufficient for the jury to conclude beyond A reasonable doubt that defendant was guilty of theft of property in the first degree.

EX parte Stinson 631 So. 2d. 831 (1992).

Smith V. State 665 So. 2d. 1002 (AlA crim App. 1995).

Blount V. State 572 So 2d. 498 (AlA. 1990) Under Rule 20 2(b).

Grady V. Smith 831 So. 2d 646 (2001)

The trial court order revoking probation did not make A written statement of the evidence relied upon A required by DAgnon V. Scarpelli 411 U.S. 778 36 L. Ed 2d 656 93 S. Ct. 1756 (1973). Morrisey V. Brewer 408 U.S. 471 33 L. Ed. 2d. 484 92 S. Ct. 2593 (1972) Armstrong V. State 294 AlA. 100 312 So. 2d. 620 (1995). 27.6 e And Under Rule 27.6(F).

The Sixth Amendment guarranty of an accuseds right to a speedy trial.

Cossell V. miller 229 F. 3d. 649 (7th cir 2000)

Stickland V. Washington 466 U.S. 668 104 S. 2052 80 L. Ed. 674 (1984).

Kloper V. North Carolina 386 U.S. 213 18 L. Ed. 2d 1, 87 S. Ct 988.

Hamm V. Rock Hill 379 U.S. 306 13 L. Ed 2d. 300 85 S. Ct. 384.

Chaver V. State 361 So. 2d. 1106 (1978)

Fulgum V. State 291 A/A. 71 277 So. 2d. 886 (1973).

Lami V. State 43 A/A. App. 108 180 So. 2d. 279 (1965).

require for a trial court resentenced defendant. defendant also filed a writter motion to Reconsider Sentence which was Subsequently denial

State V. Sattio 803 So. 2 2 5 (2001).

WAS CLEARLY UNAVAIBLE based on her
fifth Amendment privilege that the statement
was against interest and that there were
circumstances which corroborated the
truthfulness of the statement.
United States v. BAGLEY 537 F. 2d. 162
(5 th Cir. 1976).

A motion to suppress challenging the
probable cause for the stop, the duration
of the search and statements incident to
the search and seizure.

The Alabama court of criminal Appeal
late held it to be unconstitutionally
vague. Timmons V. city of montgomery
641 So. 2d. 1263 (Ala. crim App. 1993).

Brooks V. State 892 So. 2d. 969 (April 26, 2002)
EX parte intergraph corp. 670 So. 2d. A 860.

right to withdraw plea of guilty
20 A.L.R. 1445  66 ALR 628
Santbello V. New york 404 U.S. 257 30 L. Ed
2d. 427 92 S. Ct 495 (1971).

Deprivation of civil rights
  20 L.Ed.2d.1457.

Arrest of Negroes by means of false
reported Libality for causing 6(F)

False imprionment conspiracy to reffectute.

Imprisonment of citizens consiracy for
  6(9).
Information Authorities of violation of
Law as right as to 7(A).

H.Abeas corpus (Chabeas) An order issued by
A court to release A prisoner from prison or
jail for example A prisoner can petition
(or ask) for habeas because A conviction
was obtained in violation of the law.
The habeas writ can be sought in both state
Federal court.

Impeach when one party presents
evidence to show that A witness may
be Lying or unreliable.

Married Women

| 5-10-1
Arrest

6 - 6 - 148 Action by defendant

Ex-parte Lewis 811 So. 2d. 485
(Ala. 2001).

Criminal Law
Failure to allege an essential element
of the charged offense is a jurisdictional
defect, and the failure to raise the
defect at trial or direct appeal does
not constitute a waiver.

Failure of indictment that charged defendant
with assault in second degree to include
essential element that defendant intended
to cause physical injury prejudiced
defendant substantial right and thus
effectively voided indictment. Code 1975
13-A-6-21(A)(4)   36-21-60 Rules
Crim proc Rule 13.5(c)(2).

( 278 )

# CRIMINAL LAW

WHEN A POLICE OFFICE ARREST WITHOUT A WARRANT, AND defendant Objects to introduction of evidence CLAIMED to be incident to SUCH AN Arrest, burden is ON State to Show that Arrest WAS LAWFUL.

DUNCAN V.S. State ( JUNE 30, 1965).
278 AIA. 145

Arrest without WARRANT WAS UNLAWFUL AND Search WAS illegal AND Seized Arrest 63 (4)

~~Amends~~ 4 U.S. C.A. CONSt :
Amends 4, 14

A Person CAN Consent to SeArch without WARRANT AND thereby WAIve the protection Of the Fourth Amendment AgAINSt INVASION OR the right OF ~~privacy~~ PRIVACY
ZAP V. UNited State 328 U.S. 624 66 S. Ct. 1277 90 L. Ed. 1477

Abel V. UNited State 362 US. 217
80 S. ct. 683 4 L. Ed. 2 d. 668 :

15-7-2 And this section of the question whether persons signing affidavits to secure warrant against drawers of worthless check required to have personal knowledge of the offense.

Professional Check Serv. Inc. V. Duttom 560 So. 2d. 755 (Ala. 1990).

Ex parte State 476 So. 2d. 632 (1985).

Arrest warrant based on affidavit which consisted solely of affiant conclusion that defendant committed an offense without setting forth facts upon which conclusion was based was fatally defective where there was no showing that magistrate had anything upon which to base probable cause determination except the affidavit

Petitioner should be Afforded the relief he seeks of withdrawing his guilty plea. 35 App. Div. 2d. 1084 316 N.Ys 2d. 194. VAcated And remanded

That newly discovered evidence exists which requires that the conviction or sentence be VAcated. BACK V. state 5 80 So. 2d. 588 (AlA. Cr. App. 1991).

That the grand or was unconstitutionally selected And impanelled.

The State moved to dismiss And the trial court summarily denied BAgley rule 32 petition.
Diles V. state 875 So. 2d. 334 (AlA Crim App 2003).

The court held it Allegation of ineffective Assistance of counsel in post conviction petition were true petition had merit.
And there fore petitioner has right to evidentiary hearing on those Allegations To called witness.
WilSon V. state 598 So. 2d 1055 (AlA. Cr. App. 1992).

court have Allowed censorship of material that Advocate racial Superiority And violence Against people of Another race or religion StefANow V. McFadden 103 F. 3d. 1466 (9th cir. 1996)
Chriceol V. phillips 169 F. 3d. 313 (5th cir. 1999).

Shabazz V. Persons 127 F. 3d. 1246 (10th cir 1997).
However prison must Abide by the Fourteeth Amendment which guarantees equal protection of the law to All citizens.

This mean that For example A prison cannot ban Access to An AfricAn— American Audience if they do not ban similar material popular Amoung whiter people.
        Equal protection
mean that police officer Are not supposed discriminate Against you on the basis of your race or Any other Arbitrary category such As your religion NATIONALITY sex income or politicals beliefs.

The Frist ten Amendments to the U.S. Constitution Are KNOWAS the Bill of rights. Technically these Amendment Apply only to Actions by the Federal govenment.

However the courts have ruled that the Due process Clause of the fourteenth Amendment incorporates, most the Bill of right.

This means when A State or Local official does something that is prohibited by one of the ten Amendments, it is A Violation of the Due process Clause of the Fourteenth Amendment.

The Due process Clause Also incorporates your right Under the fourth Amendment to be free from Unreasonable Searches or Seizure of your property,

And it includes the protection of the Eighth Amendment Against Cruel And Unusual Punishment including brutality And inhumane prison.

TUrner V. SAfley 482 U.S. 78 (1987).

McConico V. Romeo
561 So 2d. 523 (Ala. 1990).

Client brought action against former
attorney to recover for malpractice breach
of contract denial of civil right
false imprisonment and fraud in
connection with representation in
criminal case.

(1.) Six year statute of limitations barred
client actions against attorney for
breach of contract that was not under
seal denial of civil right and false
imprisonment and

(2.) Client malpractice actions accrued
when client pleaded guilty and was
barred by statute of limitations

Look up 6-2-34 (8)

In Cofield V. Smith 495 So. 2d. 61 (1986)
We held that a malpractice action an
attorney handling a criminal case accrued when
the client pleaded guilty
Dadison? Lookup

APPEAL AND ERROR

IN determinging existence or Absence
OF genuine issue of material fact
Supreme court is Limited to factors that
were before trial court when it ruled on
Summary judgment motion
Rule civil proc. Rule 56.

Attorney And Client
Six Year Statute of Limitations barred

Robison V. Broadnax 562 So.2d.
229 ( Alaa 1990).
Client brought Action against
former Attorney to recover malpractice
breach of contract denial civil right.

This leaves Only A Consideration of the
plaintiff fraud claims Code 1975
~~#2~~ | 2. 21-12.

3 2 -(A) (1) (A)

FAILED before imposing sentence the court Shall also

(A) determine that the defendant And defendant counsel have had the opportunity to read and discuss the presentence investigation report made AVAiAble pursuant to Subdivision (C) (3) (A) or summary there of made Available pursuant to Subdivison (C) (3) (B).

BurNa V. United states 501 U.S. 129 115 L. Ed. 2 d 123 111 S ct. 2182 (1991).

WASMAN Vs. United State 468 U.S. 559 563 L. Ed. 2 d 424 104 S. Ct. 3217 (1994)

Ireland V. State    47 Ala. 65
250    So. 2d. 602. ( June1, 1971.)
In order for a guilty plea to be
sufficient to support a conviction.
It must appear that it was given
voluntarily and intelligently, by the
defendant and if induced by promises
or threata which deprive it of the
character of a voluntary act it is void.

Machibroda V. United State 368 U.S. 487
82S S. Ct. 510    7 L Ed. 2d. 473

dissented from this ruling for the reasons
stated in their dissent in
Hill V. United states 368 U.S. 424
7 L. ed. 2d. 417 82 S. Ct. 468.
Was the sentencing court erred in
making findings, on controverted
issues of fact without notice to
the prisoner and without a hearing.

Lawyer Dictor Book

McDaster V. State
689 So. 2d. 1001 (AlA. App. 1996).
The court denial Bagley defendant due
process right were violated by circuit
court ruling after hearing that simply
stated deny your petition. Remanded with
instructions    constitutional Law 270.5

defendant due process right were violated
by trial court ruling at conclusion of
hearing on defendant petition for post
conviction relief that simply stated
deny your petition trial court failed
to make specific finding of fact relating
to each material issue of fact presented
as required after hearing on petition for
post-conviction relief.
Rules crim pro. Rule 32.9(d). Evidentiary
hearing unless the court dismisses the
petition the petitioner shall be entitled
to an evidentiary hearing, to determine
disputed issue of the material fact with
the right to subpoena material witnesses
on behalf.

## STATEMENT OF THE CASE

The Petitioner was convicted and sentenced on the offense of Theft of Propety First Degree, (2 counts), Code of Alabama (1975), Title 13A, Section 13A-8-3. Petitioner was sentenced to two seven (7) year sentences to be served concurrently.

The Petitioner subsequently appealed the conviction and sentences to the Alabama Court of Criminal Appeals. In this appeal he challenged the voluntariness of his guilty pleas to the offenses. Bagley v State, 681 So. 2d 262 (Ala. Crim. App. 1995) The Court of Criminal Appeals remanded the cause back to the Circuit Court.

Since that appeal and remand, the Petitioner has completed sevvitude of the sentence. He is now serving a sentence of 25 years.

The Petitioner alleges that the convictions and sentences imposed upon him in Case Nos. CC 94-027.01 and 027-02 are illegal and therfore, the trial court was without jurisdiction to impose the sentences or to accept the plea. The guilty plea was without a true factual basis.

Title 13A, Section 13A-8-3 defines Theft of Propery First Degree as follows. "The theft of property which exceeds $1,000.00 in value, or property of any value taken from the person of another constitutes theft of property in the first degree."

Because there was no true factual basis for the trial court's acceptance of the guilty pleas, the sentences and convictions are due to be vacated and set aside.

X
(5)

## STATEMENT OF THE FACTS

The basis for the complaint and indictments in this cause was that the Petitioner had a charge account with W. W. Grainger. The Petitioner was operating a small business where he repaired air conditioning equipment and small appliances. He had an account with W. W. Grainger and this was how he ordered his parts he needed to repair the appliances and air conditioning equipment.

regarding the specific items of property at issue in the indictments in Case Nos. CC-94-027.01 and 027-02, W.W. Grainger had delivered the parts petitioner had ordered. He received the parts and made the necessary repairs to the equipment he had ordered the parts to repair.

At the time the Petitioner was charged and subsequently indicted on the offense of Theft of Property First Degree, he had not had an opportunity to pay the account on which he had received the merchandise from W. W. Grainger. Because the Petitioner did not take the property as defined in established holdings of the appeals courts of the State of Alabama, the court was without authority to accept guilty pleas on the offense of theft of property because under the statute, Petitioner had not committed a criminal offense.

Because there was no true factual basis to support a finding that the Petitioner took the property. Although the property at issue exceeded or equaled the value of $1,000.00, there was no support for finding that the Petitioner did not intend to pay his account as usual.

2
(6)

## GROUND TWO

THE SENTENCE IMPOSED EXCEEDS THE MAXIMU AUTHORIZED BY LAW OR IS OTHERWISE NOT AUTHORIZED BY LAW. (Ala. R. Crim. P., Rule 32. 1 C.)

The trial court was without jurisdiction to accept a guilty plea for which there was no true factual basis. In this case there was no factual support for finding that the Petitioner took the property of W. W. Grainger.

The Petitioner had a charge account with W. W. Grainger. W. W. Grainger delivered the parts which the Petitioner would order from the company. He would pay his account on a frequent basis. He was indicted in this cause because he had not paid his account.

The State presented evidence to the Grand Jury wherein the State sought an indictment for the offense of Theft of Propery First Degree based solely on the premise that the Petitioner had not paid his account.

The State offered Petitioner a plea agreement wherein if he would enter a plea of guilty on the offense of theft of property first degree, that he would receive a sentence of 7 years. There was two counts, therefore, the Petitioner was sentenced to two seven year sentences. and the sentences were ordered to be served concurrently.

The record will accurately reflect that if Petitioner was guilty of any offense, it would have been theft by deception. This is true because there was no taking of property as defined in established case holdings in the Alabama Court of Criminal Appeals and the Alabama Supreme Court. Because there was no true factual basis for the trial court's acceptance of the guilty pleas, the convictions are due to be vacated.

7