IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES EDWARD BAGLEY, #182103, | ) ) ) | |
| Petitioner, | ) ) | |
| v | ) ) | Civil Action No. 2:07cv802-MEF (WO) |
| ARNOLD HOLT, WARDEN, *et al.*, | ) ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by state inmate James Edward Bagley ("Bagley") on August 20, 2007.[1] In his petition, Bagley challenges guilty-plea convictions for theft of property in the first degree entered against him in 1995 by the Circuit Court of Etowah County, Alabama.

**DISCUSSION**

This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. *See* 28 U.S.C. § 2241(d).

---

[1]Although the petition was date-stamped "received" in this court on September 6, 2007, it was signed by Bagley on August 20, 2007. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271- 72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Bagley] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes August 20,2007,as the date of filing.

Bagley challenges a conviction entered against him by the Circuit Court for Etowah County, Alabama. Etowah County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that the transfer of this case to such other court for hearing and determination is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 20, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[2]A decision on Bagley's application for *in forma pauperis* status is reserved for ruling by the United States District Court for the Northern District of Alabama.

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 7th day of September, 2007.


                    /s/Terry F. Moorer
                    TERRY F. MOORER
                    UNITED STATES MAGISTRATE JUDGE